(*) ROBINSON *versus* MILLER.

In trespass *quare,* an amendment enlarging the plaintiff's close, as described in the declaration, cannot be allowed.

A tract of land, granted by courses and distances, without referring to monuments or other locations, cannot be enlarged by proof that the owners of the adjoining lands had, at a former period, concurred with the owner of the tract in establishing one of its side lines upon a course somewhat variant from that described in the grant.

ON REPORT from *Nisi Prius,* SHEPLEY, C. J., presiding.

TRESPASS, for breaking, entering, and cutting trees upon the plaintiff's close, described as follows;—beginning at,

&c., thence running *southwest* 169 rods; thence northwest to land owned by David Gross; thence northeast to a road; thence southeast to the first bound.

The plaintiff moved for leave to amend by describing the first line of his close as running *"in a southwesterly direction to a birch tree on the line located by Joshua Miller, jr., and by Samuel Robinson"* [the plaintiff's grantor.]

This description would carry the land southeastwardly far enough to include the acts done by the defendant, who owned the land adjoining that of the plaintiff.

The. amendment was objected to and disallowed, being considered an enlargement of the close, and therefore *legally inadmissible*.

The plaintiff then offered evidence to prove that said Joshua Miller, jr. and Sam'l Robinson, the former owners of the contiguous lands, now owned by these parties, agreed, about nineteen years ago, to run a southwest line from an agreed point, as and for their dividing line, and that they accordingly run a line from the agreed starting point and terminating at a birch tree, and then agreed that the line thus run should be their dividing line, and that the birch tree should be the corner, whereas in fact the line which they run and the birch tree which they fixed as a corner, were not a southwest course, but were somewhat southerly from that course. And the plaintiff insisted, that as the proprietors had fixed and adopted this line, as and for a southwest line, it is now to be considered as the southwest line described in the declaration. The Judge, however, ruled otherwise.

If this ruling and the rejection of the proposed amendment were correct, a nonsuit is to be entered; otherwise the case is to stand for trial.

*Fessenden & Deblois*, and
*Morrill* and *Fessenden*, for the plaintiff.
*W. P. Fessenden*, for the defendant.

HOWARD J. — The description of the plaintiff's close was

the same in his declaration, as in the conveyance under which he claimed, and did not embrace the *locus in quo.* The proposed amendment, which did embrace it, would operate as an enlargement of the close, and was inconsistent with the original declaration, and not admissible. R. S., c. 115, § § 9, 10; Rules of Court, XV.

If, as assumed by the plaintiff, the former owners of the adjoining lands, now owned by these parties, did agree upon, and run a line "nineteen years ago," as the dividing line between these lands, from a fixed point of commencement, to a monument not in a southwest course, "*as a southwest line;*" yet, he is not aided by such division line, to which no reference is made by the conveyance of the former owner to himself. He must be limited by the line described in his deed, as running from the point of commencement due southwest, without reference to the monument, and is neither a party, nor privy to the conventional line. The effect of the proof offered by him would have been to contradict or vary the plain and unambiguous stipulations of his deed, and to have enlarged his grant, in a manner unauthorized by law.

A nonsuit must be entered, according to agreement.

TENNEY, WELLS and APPLETON, J. J., concurred.